**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BANCORPSOUTH BANK, A MISSISSIPPI BANKING CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | CAUSE NO. |
| vs. | ) ) | |
| HAZELWOOD LOGISTICS CENTER LLC F/K/A HAZELWOOD COMMERCE CENTER LLC; HAZELWOOD COMMERCE REDEVELOPMENT CORPORATION; PAUL J. MCKEE, JR., INDIVIDUALLY; AND PAUL J. MCKEE JR., IN HIS CAPACITY AS TRUSTEE OF THE PAUL J. MCKEE JR. REVOCABLE TRUST | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff BancorpSouth Bank, a Mississippi banking corporation and successor by merger to The Signature Bank, ("Bancorp"), by and through its undersigned counsel and for its Complaint against Defendants, Hazelwood Logistics Center, LLC f/k/a Hazelwood Commerce Center LLC (HLC LLC), Hazelwood Commerce Redevelopment Corporation ("HCRC"), and Paul J. McKee Jr. ("McKee Jr."), individually and as Trustee of Paul J. McKee Jr. Revocable Trust ("McKee Trust").

## PARTIES

1.      Plaintiff BancorpSouth Bank ("Bancorp") is a Mississippi banking corporation and is successor by merger to The Signature Bank, which maintains its headquarters and executive offices in Tupelo, Mississippi.

2.      Defendant Hazelwood Logistics Center LLC ("HLC LLC"), formerly known as Hazelwood Commerce Center LLC ("HCC LLC"), is a Missouri limited liability company with a

principal place of business at 1001 Boardwalk Springs Place, O'Fallon, Missouri, formed with the stated purpose to acquire, own, develop, lease and convey real property, including that certain property known as the Hazelwood Logistics Center (the "Property"), and to conduct any necessary or appropriate activities in connection therewith.

3.     Defendant Hazelwood Commerce Redevelopment Corporation ("HCRC") is a Missouri corporation with a principal place of business at 1001 Boardwalk Springs Place, O'Fallon, Missouri, engaged in the business of acquiring, constructing, maintaining and operating a redevelopment project or projects in accordance with the provisions of The Urban Redevelopment Corporations Law, Sections 353.00 et seq., of the Missouri Revised Statutes. HCRC and HLC LLC are collectively referred to herein as "Hazelwood."

4.     Defendant Paul J. McKee Jr. is a natural person who, upon information and belief, resides in St. Louis County, Missouri and maintains as his principal place of business offices at 1001 Boardwalk Springs Place, O'Fallon, Missouri.

5.     Paul J. McKee Jr. is also the trustee of Defendant Paul J. McKee Jr. Revocable Trust with a principal place of business at 1001 Boardwalk Springs Place, O'Fallon, Missouri. As an individual, Paul J. McKee Jr. is referred to herein as "McKee Jr."  In his capacity as trustee of the Paul J. McKee Jr. Revocable Trust, Paul J. McKee Jr. is referred to herein as "McKee Trust."

## JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship of the parties in that the Plaintiff is organized and has its principal place of business in Tupelo, Mississippi, the Defendants are each residents of Missouri and maintain a common principal place of business at 1001 Boardwalk Springs Place, O'Fallon, Missouri, and the amount in controversy exceeds $75,000.00.

2

7.      Venue is proper in the Eastern District of Missouri under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District and the Defendants are subject to personal jurisdiction in the District.

## GENERAL FACTUAL ALLEGATIONS

8.      On or about July 15, 2002, HCRC was formed pursuant to The Urban Redevelopment Corporations Law of Missouri, Sections 353, et. seq., for the purpose of acquiring, constructing, maintaining and operating a redevelopment project or projects, such as the environmental remediation and redevelopment of the Property.  As such, HCRC was required to prepare and submit to all applicable governmental authorities, including the City of Hazelwood, a redevelopment proposal, including a development plan, for environmental remediation and redevelopment of the Property.

9.      On or about October 2, 2002, the City of Hazelwood and HCRC entered into a Development Agreement pursuant to which the City of Hazelwood granted HCRC the right to acquire the Property or portions thereof, including that portion then constituting a landfill site (the "Edwards Landfill" or "Landfill Site") and commonly described as 547 Edwards Avenue, Hazelwood, Missouri, and real property commonly known as 515 Edwards Avenue, Hazelwood, Missouri, by eminent domain pursuant to Chapter 353, et seq. of the Revised Statutes of Missouri (the "Development Agreement").  HCRC contemporaneously therewith, reassigned its acquisition rights to the City of Hazelwood and the City of Hazelwood exercised the acquisition rights to acquire the landfill site.  The City of Hazelwood further agreed to and did substitute as plaintiff in that certain condemnation action styled *Hazelwood Commerce Redevelopment Corporation v. Fee Fee Edwards LLC, et al*., Case No. 04-CC-000873J, pending before the Circuit Court of St. Louis County.

12286814v3  908312  66034

10.     HCC LLC is an affiliate of HCRC formed for the purpose of acquiring, developing, and selling real estate.

11.     McEagle Development LC is an affiliate of HCC LLC, and assignor of its development rights with regard to the Property to HCC LLC.

12.     On October 7, 2005, HCC LLC and The Signature Bank entered into a Land Acquisition Loan Agreement with regard to the Property.  A copy of the Land Acquisition Loan Agreement is attached hereto and incorporated herein by reference as Exhibit A.

13.     On or about June 8, 2006, the City of Hazelwood and HCC LCC entered into a Real Estate Purchase Agreement with regard to the Property.

14.     On or about June 20, 2006, The Signature Bank as lender issued a Loan Commitment to HCC LLC and HCRC, collectively the borrowers.

15.     On or about August 11, 2006, HCC LLC (now known as Hazelwood Logistics Center LLC) and HCRC as borrowers (and collectively referred to hereafter as "Hazelwood") and The Signature Bank entered into a Development Loan Agreement (as amended from time to time, the "Loan Agreement").  A copy of the Loan Agreement, together with all amendments, is attached hereto and incorporated herein by reference as Exhibit B.

16.     In reliance on the representations set forth in the Loan Agreement, among other things, The Signature Bank agreed to and did make a loan available to Hazelwood in the maximum principal amount of $36,242,700.00 (the "Loan").

17.     Bancorp is successor by merger to The Signature Bank with regard to the Loan Agreement, the Loan, and any and all related documents.

18.     The Loan is evidenced by a Note dated August 11, 2006 and that certain Amended & Restated Note dated as of January 28, 2009, as amended September 17, 2009, executed by

4

12286814v3  908312  66034

Hazelwood, as maker, to the order of Bancorp (as successor by merger to The Signature Bank), as payee, in the principal face amount of $35,197,500.00, as amended by that certain First Amendment to Promissory Note executed on or about September 17, 2009 (collectively, as amended, modified, extended, renewed, restated or supplanted, the "Promissory Note"). The Promissory Note, inclusive of all amendments, is attached hereto and incorporated herein by this reference as Exhibit C.

19.     Repayment of all amounts due and owing from Hazelwood to Bancorp is guaranteed pursuant to the Amended and Restated Unlimited Guaranty of McKee Jr. and McKee Trust (collectively McKee Jr. and McKee Trust are referred to herein in as the "Guarantors") dated as of January 28, 2009 (the "Guaranty"), executed by each of the Guarantors, jointly and severally, in favor of Bancorp. A copy of the Guaranty is attached hereto and incorporated herein by this referenced as Exhibit D.

20.     On October 30, 2009, the Loan matured and all principal and interest outstanding became due and owing. No payment has been made and such default continues.

21.     As of the date of this Complaint, the principal amount owed under each of the Loan and Guaranty is $28,414,896.44.

22.     Despite the obligation of each to do so, each and all of Hazelwood and the Guarantors failed to pay the outstanding balance when due.

## COUNT I: BREACH OF CONTRACT AGAINST HAZELWOOD

23.     Bancorp realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

24.     The Loan and Loan Agreement each represent a valid contract between Hazelwood and Bancorp.

12286814v3  908312  66034

25.     Bancorp has fully performed its duties and obligations under each of the contracts.

26.     Hazelwood is in default of its obligations under the Loan and Loan Agreement.

27.     Pursuant to the Promissory Note, on October 30, 2009, Hazelwood was to pay Bancorp the final installment of principal and interest in an amount equal to the sum of the then outstanding principal balance of the Promissory Note together with accrued and unpaid interest thereon, and Hazelwood failed to make such payment within five (5) days after the date when due in violation of the Promissory Note and Section 8.1(a) of the Loan Agreement.

28.     In breach of the terms of the Loan and the Loan Agreement, Hazelwood has failed to pay the outstanding balance due and owing.

29.     Hazelwood has breached the implied covenant of good faith and fair dealing with regard to the Loan and Loan Agreement.

30.     Bancorp has been damaged by the breaches committed by Hazelwood.

WHEREFORE Plaintiff Bancorp prays that this Court enter a judgment in its favor and against HLC LLC and HCRC, jointly and severally, and enter an order:

a.     Of Judgment against HLC LLC and HCRC, jointly and severally, in the principal amount of $28,414,896.44, plus interest;

b.     Awarding Plaintiff Bancorp its costs of this action, prejudgment interest and reasonable attorneys' fees; and

c.     Such further and other relief as the Court deems just and proper.

### COUNT II: BREACH OF GUARANTY AGAINST MCKEE JR.

31.     Bancorp realleges and incorporates by reference paragraphs 1 through 22 above.

32.     The Guaranty is a valid and binding contract between McKee Jr. and Bancorp.

6

33.     Per the terms of the Guaranty, McKee Jr. unconditionally guaranteed repayment of all amounts due and owing from Hazelwood to Bancorp.

34.     Bancorp has fully performed its duties and obligations per the terms of the Guaranty.

35.     Hazelwood has failed and refused to pay the outstanding balance owed to Bancorp under the terms of the Loan and the Loan Agreement.

36.     In breach of the terms of the Guaranty, McKee Jr. has failed and refused to pay the outstanding balance owed to Bancorp under the terms of the Loan and the Loan Agreement.

37.     Bancorp has been damaged by the breach committed by McKee Jr.

WHEREFORE Plaintiff Bancorp prays that this Court enter a judgment in its favor and against McKee Jr., and enter an order:

    a.      Of Judgment against McKee Jr. in the principal amount of $28,414,896.44, plus interest;

    b.      Awarding Plaintiff Bancorp its costs of this action, prejudgment interest and reasonable attorneys' fees; and

    c.      Such further and other relief as the Court deems just and proper.


**COUNT III:  BREACH OF GUARANTY AGAINST MCKEE TRUST**

38.     Bancorp realleges and incorporates by reference paragraphs 1 through 22 above.

39.     The Guaranty is a valid and binding contract between McKee Trust and Bancorp.

40.     Per the terms of the Guaranty, McKee Trust unconditionally guaranteed repayment of all amounts due and owing from Hazelwood to Bancorp.

41.     Bancorp has fully performed its duties and obligations per the terms of the Guaranty.

12286814v3  908312  66034

42.     Hazelwood has failed and refused to pay the outstanding balance owed to Bancorp under the terms of the Loan and the Loan Agreement.

43.     In breach of the terms of the Guaranty, McKee Trust has failed and refused to pay the outstanding balance owed to Bancorp under the terms of the Loan and the Loan Agreement.

44.     Bancorp has been damaged by the breach committed by McKee Trust.

WHEREFORE Plaintiff Bancorp prays that this Court enter a judgment in its favor and against McKee Trust, and enter an order:

a.     Of Judgment against McKee Trust in the principal amount of $28,414,896.44, plus interest;

b.     Awarding Plaintiff Bancorp its costs of this action, prejudgment interest and reasonable attorneys' fees; and

c.     Such further and other relief as the Court deems just and proper.


**HINSHAW & CULBERTSON LLP**


By:     /S/ ASHLEY L. NARSUTIS
ASHLEY L. NARSUTIS, #123368
ERIC C. PETERSON
MARK D. BAUMAN
Gateway One
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
ATTORNEYS FOR PLAINTIFF
BANCORPSOUTH BANK, A MISSISSIPPI
BANKING CORPORATION

12286814v3  908312  66034