UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV590 HEA |
| ) | |
| HAZELWOOD LOGISTICS ) | |
| CENTER, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff BancorpSouth Bank's motion seeking writ of attachment [Doc. #17] against defendant Hazelwood Logistics Center LLC f/k/a Hazelwood Commerce Center, LLC. Defendant opposes the motion. For the reasons stated below the motion is granted.

Plaintiff states that St. Louis County, or an agency thereof, is poised in the coming days or weeks to issue a real estate refund check to defendant, in the amount of $468,863.00. Plaintiff seeks a writ of attachment with regard to this tax refund, pursuant to Rule 64 of the Federal Rules of Civil Procedure, Mo. Rev. Stat. § 521.010(13), and Rule 85 of the Missouri Rules of Civil Procedure. Rule 64 of the Federal Rules of Civil procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state

where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). Section 521.010(13) of the Mo. Rev. Stat. states, in relevant part,

> In any court having competent jurisdiction, the plaintiff in any civil action may have an attachment against the property of the defendant, or that of any one or more of several defendants, in any one or more of the following cases:
> ...
> (13) Where the debtor has failed to pay the price or value of any article or thing delivered, which by contract, he was bound to pay upon the delivery.

Mo. Rev. Stat. § 521.010(13). "Section 521.010 allows a plaintiff in a civil action an attachment against the property of a defendant '[w]here the defendant is a corporation, whose chief office or place of business is out of this state.'" *State ex rel. Costco Wholesale Corp. v. Hartenbach*, 267 S.W.3d 725, 728 (Mo. App. 2008) (quoting Mo. Rev. Stat. § 521.010(2)). Rule 85.02 states that "[a]fter the commencement of a civil action a party who presents therein a claim by petition, counterclaim, cross-claim or third-party petition may obtain a writ of attachment upon compliance with this Rule 85." Mo.R.Civ.P. 85.02. Missouri Rule 85.04 provides that a writ of attachment shall be issued "upon compliance with Rule 85.08." Mo.R.Civ.P. 85.04. Rule 85.08 requires the claimant to furnish an attachment bond, and states that the attachment bond shall contain the following conditions:

> (b) Conditions of Bond. The conditions of the bond shall be that the claimant shall:
>
> (1) Prosecute all claims without delay and with effect;
>
> (2) Refund all sums of money that may be adjudged to be refunded to the owner of the property or found to have been received by the claimant and not justly due;
>
> (3) Pay all damages and costs that may accrue to the owner of the property, any garnishee or interpleader by reason of the attachment, or any process or proceeding in the action, or by reason of any judgment or process thereon; and
>
> (4) Pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the claimant.

Mo.R.Civ.P. 85.08(b). Furthermore, Missouri Rule 85.08(a) states that the claimant must file a bond which sets forth that the claimant and one or more sureties are bound to the State of Missouri. Mo.R.Civ.P. 85.08(a).

An attachment proceeding "is a prejudgment remedy, or part of a remedy, by which property can be taken into custody to satisfy an anticipated judgment. The attachment does not create the right to a judgment or debt; rather, it provides a means of enforcing a judgment." *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. 1995) (en banc). "Pre-judgment attachments are not favored, principally because they are subject to a constitutional attack on due process grounds." *State ex rel Belle Starr Saloon, Inc. v. Patterson*, 659 S.W.2d

789, 791 (Mo. App. 1983) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)).

However,

> [T]he rules governing attachments often permit or require the court to exercise jurisdiction over attachment proceedings even though the writ of attachment may have been improperly issued. For example, Rule 85.11 authorizes the court to order that a new bond be furnished where an existing bond is deemed insufficient. Although the writ was improperly issued and the court lacks jurisdiction over the property, the court does have jurisdiction to allow the claimant to cure the defective bond. Similarly, in cases where the writ was issued on the basis of a faulty affidavit, Rule 85.14(c)(2) permits the court to direct that a new affidavit be filed, despite the initial impropriety of the writ.

*State ex rel. Union Elec.*, 893 S.W.2d at 806. In the event an owner of property maintains that a writ of attachment is improper, he may file a written request for a hearing to determine whether the attachment should be dissolved. Rule 85.13.

Plaintiff seeks a writ of attachment covering a tax refund anticipated to be $468,863.00, and has provided a bond in the amount of $500,000.00. Defendant argues that, as required by Mo. Rev. Stat. § 521.070, a bond must be at least double the amount sworn to in the affidavit. However, Rule 85.08 states that the amount of the bond is to be set by the Court "but not exceeding double the amount claimed." Rule 85.08(a). Rule 85.08 and Mo. Rev. Stat. § 521.070 are, therefore, in conflict. Pursuant to Missouri case law, Rule 85.08(a) governs. *See State ex rel. Union Elec.*, 893 S.W.2d at 805 ("[A]ttachments are procedural in character, and Rule

85.08 therefore must supersede § 521.070."). The Court, therefore, finds the amount of the bond is sufficient.

Further, Defendant argues that Rule 85.03 requires an affidavit showing the existence of one or more grounds for attachment as set forth in Mo. Rev. Stat. § 521.010, and that in this case the affidavit submitted by Plaintiff does not properly show the existence of one or more of the fourteen situations enumerated in Mo. Rev. Stat. § 521.010. This Court notes that Mo. Rev. Stat. § 521.010(9)-(10) states that a plaintiff in any civil action may have an attachment against the property of the defendant where the defendant is about to fraudulently convey or assign his property or effects, so as to hinder or delay his creditors, or where the defendant is about to fraudulently conceal, remove, or dispose of his property or effects, so as to hinder or delay his creditors. Under Missouri law,

> The essential elements of a fraudulent transfer include the conveyance or assignment of goods or chattels with the intent to hinder, delay or defraud creditors. Because intent is difficult to prove, courts have recognized certain badges of fraud to determine if a conveyance is fraudulent as to a creditor. These badges of fraud include: (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all of the debtor's property; (7) insolvency caused by the transfer; and (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious. While none of these badges alone is sufficient to establish fraud, a presumption of fraud arises if several are present.

*Fischer v. Brancato*, 147 S.W.3d 794, 799 (Mo. App. 2004) (internal quotations omitted).

The affidavit avers that Defendant intends "to use the Tax Refund to pay third-party creditors notwithstanding [Plaintiff's] superior claim to the funds." Doc. #17-1, p. 3. Further, the supplemental affidavit avers that P. Joseph McKee, III is the president of Paric Corp., and that Paul J. McKee (who is related to P. Joseph McKee, III) is a director of Paric Corp., and that both were or are also managers of borrower Hazelwood LLC. Doc. #20, pp. 1-2. The affidavit states that Defendant intends to use the refund money to make payments to, among other junior and unsecured creditors, Paric Corp.

The Court agrees with Plaintiff that the affidavit and supplemental affidavit satisfies Mo. Rev. Stat. § 521.010(9)-(10), which in turn satisfies Rule 85.03. As noted above, the Court finds the bond to be sufficient, in compliance with Rule 85.08. Accordingly, the Court will grant Plaintiff's motion for a writ of attachment. As provided by Rule 85.13, Defendant may file a written request for a hearing to determine whether the attachment should be dissolved.

**IT IS HEREBY ORDERED** that Plaintiff BancorpSouth Bank's motion

seeking writ of attachment [Doc. #17] is **GRANTED**.

Dated this 6th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE