UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10CV590 HEA |
| ) | |
| HAZELWOOD LOGISTICS ) | |
| CENTER, LLC, et al., ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue, [Doc. No. 14]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiff brought this action against Defendants alleging breach of contract as to Defendant Hazelwood Logistics Center, LLC, (HLC) f/k/a Hazelwood Commerce Center, LLC, and Hazelwood Commerce Redevelopment Corporation, (HCRC), and breaches of guaranty as to the McKee Trust, of which Defendant Paul J. McKee, Jr. is the Trustee, and Paul J. McKee, Jr. individually.

Plaintiff alleges that it is the successor by merger to The Signature Bank. Signature Bank entered into a Development Loan Agreement. Signature Bank

agreed to loan HLC and HCRC funds for the purposes of a real estate development. The Complaint alleges that the loan is in default, and that Defendants McKee, Jr. and the McKee Trust unconditionally guaranteed repayment of all amounts due and owing from HLC and HCRC.

Defendants move to dismiss for improper venue based on the forum selection clauses contained in the Guaranty and Loan Agreement. Plaintiff opposes the Motion arguing that the Loan Agreement and Guaranty permit suit to be brought in this Court.

## Discussion

In *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir.2006),the Eighth Circuit held that the enforceability of a forum selection clause "concerns both the substantive law of contracts and the procedural law of venue." Where the application of state or federal law would not affect the outcome, however, a federal court may apply the standard articulated by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Servewell*, 439 F.3d at 789. Under the rule in *M/S Bremen*, a forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen*, 407 U.S. at 10. Under federal law, parties to a contract may agree in advance to submit to the jurisdiction of a

given court. *Id.* at 11 (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-316 (1964)). Missouri has adopted the federal standard for determining whether to enforce a forum selection clause. See *Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo. Ct. App.1989) (citing *Bremen*, 407 U.S. 1). In particular, Missouri courts hold that "jurisdiction over the person may be obtained by consent or by waiver" and "[p]arties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived." *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000). Under Missouri law "the party resisting enforcement of [a forum selection] clause bears a heavy burden in convincing the court that he should not be held to his bargain." *Id.* at 596 (citation omitted).

There is no dispute that the forum selection clauses are enforceable with respect to this action. Rather, the parties differ as to the meaning and interpretation of the clauses.

Section 9.17 of the Loan Agreement provides:

Any legal action or proceeding with respect to this Loan Agreement or any other Loan Documents may be brought in the Courts of the County of St. Louis, Missouri, and by extension and delivery of this Loan Agreement, each of the Borrower and Lender consents, for itself and in respect of its property, to the jurisdiction of those Courts. Each of Borrower and Lender irrevocably waives any objection, including any

objection to the laying of venue or based on the grounds of forum non convenient which it may now or hereafter have to the bringing of any action or proceeding in such jurisdiction in respect of this Loan Agreement or any document related thereto. Nothing in this <u>Section 9.17</u> shall affect the right of Lender to serve legal process in any other manner permitted by law or limit the right of Lender to bring any action or proceeding against Borrower or its property in the Courts of any other jurisdiction.

Paragraph 9(g) of the Guaranty states:

This Guaranty shall be governed and controlled by the internal laws of the State of Missouri as to interpretation, enforcement, validity, construction, erect, and in all other respects. To induce Lender to accept this Guaranty, Guarantor irrevocably agrees that, at Lender's sole and absolute election, all legal and other proceedings of any kind arising out of or related to this Guaranty shall be litigated in courts having sites in the County of St. Louis, Missouri. Guarantor hereby consents and submits to the jurisdiction of any local, state or federal courts located within the County of St. Louis, Missouri. Guarantor hereby waives any right it may have to transfer or change the venue of any legal or other proceeding brought against such person by Lender in accordance with this subsection.

Forum selection clauses are either permissive or mandatory. See, *Dunne v. Libra*, 330 F.3d 1062, 1063 (8th Cir. 2003). Neither party disputes that the venue selection clause in the Loan Agreement is permissive as to the Courts of St. Louis County, Missouri: "Any legal action or proceeding with respect to this Loan Agreement or any other Loan Documents may be brought in the Courts of the County of St. Louis, Missouri..." Through the use of the permissive "may," nothing in the forum selection clause in the Loan Agreement requires suit to be brought in

the courts of St. Louis County, Missouri.  The breach of contract claim is not *required* to be brought in those courts.

The dispute before this Court arises as to the meaning and interpretation of the forum selection clause in the Guaranty.  Defendant argues that use of the phrase "all legal and other proceedings of any kind arising out of or related to this Guaranty shall be litigated in courts having sites in the County of St. Louis, Missouri[]" requires this action to be brought only in a court of St. Louis County.  Defendant's position, however, ignores the prefatory language which may give rise to an action being brought in St. Louis County, *to wit*: "**To induce Lender to accept this Guaranty**, Guarantor irrevocably agrees that, **at Lender's sole and absolute election**..."  Thus, it is unquestionably within Plaintiff's control as to where this action shall be brought, and in the event that Plaintiff elects to file suit in St. Louis County, Defendants irrevocably consented to that jurisdiction.  The use of the mandatory "shall" applies to Defendants, and in no way requires Plaintiff to forego its bargained-for control over where suit shall be brought.  Any other interpretation of this provision would render the bargained-for discretion of Plaintiff, which Plaintiff received as an inducement to acceptance of the Guaranty, hollow and meaningless . See, *Paramount Properties, LLC v. LaSalle Bank Nat. Ass'n* 2008 WL 948284, *5. (E.D. Mo. 2008)(recognizing the validity of the election:  "The clause clearly and unambiguously binds Plaintiffs to a particular forum as it states

that, *subject to Defendant's election*, all actions or proceedings which arise in any way from either the Note or the Guaranty will be litigated in Chicago." (Emphasis added).

This interpretation is also consistent when read in conjunction with the forum selection clause of the Loan Agreement. The forum selection clause of the Loan agreement, as previously discussed, is permissive. The Hazelwood Defendants could challenge jurisdiction in St. Louis County because of the permissive nature of the forum selection clause of the Loan Agreement. Thus, if this suit must be brought solely in the courts of St. Louis County on the Guaranty, but the suit regarding the Loan Agreement could be brought in a different forum, this situation could, as Defendants point out, create the risk of inconsistent verdicts and is not in the interests of judicial economy.

The Court is unpersuaded by Defendants' argument that the phrase "at Lender's sole and absolute election" modifies Guarantor's consent to jurisdiction in any local, state or federal courts located within the County of St. Louis, Missouri. Defendants' position does not follow traditional rules of grammar, nor does it overcome the fact that at the time the Guaranty was executed, and indeed, today, there are no federal courts with sites in the County of St. Louis, Missouri, and therefore, the "sole and absolute election" would be meaningless to Plaintiff.

## Conclusion

Based upon the foregoing, Defendants' Motion to Dismiss for Improper Venue, [Doc. No. 14], is **DENIED**.

Dated this 6th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE