UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV590 HEA |
| | ) |
| HAZELWOOD LOGISTICS | ) |
| CENTER, LLC., et al., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court pursuant to Plaintiff BancorpSouth Bank's ("BancorpSouth") Motion to Dismiss the Complaint of Intervenor Murphy Property Tax Consulting, Inc ("Murphy"). [Doc. 61]. Intervenor Murphy opposes the Motion and has filed a written opposition thereto [Doc. 64].

## Background[1]

Plaintiff BancorpSouth, a Mississippi banking institution, filed the underlying case on April 7, 2010 in order to recover money loaned to Hazelwood Logistics Center LLC ("HLC") and Hazelwood Commerce Redevelopment Corporations ("HCRC") in the amount of $35,197,500.00 (the "Loan"). At the

---

[1] This recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. It in no way relieve the parties of the necessary proof thereof in later proceedings.

time of the initial Filing Date, St. Louis County, or an agency thereof, was poised to issue a real estate tax refund to HLC and/or HCRC in the approximate amount of $468, 863.00 (the "Tax Refund"). In light of such, BancorpSouth sought a Writ of Attachement on April 30, 2010 seizing the Tax Refund, in order to secure recover on its claim, and The Court granted the Writ [Doc. 28]. On January 3, 2011, Intervenor Murphy filed its Complaint of the Intervenor [Doc. 53]. In its Intervenor Complaint, Murphy states that it contracted with HLC to perform work to obtain tax surveys for property owned by HLC for the 2007 through 2010 tax years. Murphy asserts that it is entitled to fees for its services in the amount equal to thirty-five percent (35%) of the tax savings realized for 2007 through 2010.

## **Discussion**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds

2

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal alterations and citations omitted). Thus, application of this standard suggests a two-step analysis under which the Court may first (1) determine whether there are factual allegations in the complaint sufficient to entitle the plaintiff to "the assumption of truth," and if so, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. 1937, 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must therefore take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. *Iqbal*, 129 S.Ct. at 1949-50. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair

3

notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*; *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff BancorpSouth contends that Intervenor Murphy has no equitable lien attached to Tax Refund because the Contract is void of any language that indicates Murphy's fee for services rendered shall be paid from the Tax Refund.

Additionally, BancorpSouth argues that Murphy did not take any sort of security interest in the Tax Refund, therefore, their claim should be dismissed.

An equitable lien is a remedial method that provides for the enforcement of an obligation. 35 MOPRAC § 23:10. The equitable lien can attach to certain property for the purpose of securing the payment of an existing obligation. *Id.* In order to find an equitable lien, there must be express agreement, or conduct or dealings of the parties from which intention may be implied, that some specific property shall be appropriated as security for debt or obligation before equity will consider that lien should be declared property. *Jorritsma v. Tymac Controls Corp.*, 864 F.2d 597, 599 (C.A.8 (Mo.), 1988). As discussed above, Plaintiff BancorpSouth contends no such equitable lien exists because the contract between Defendants and Intervenor Murphy makes no mention that the fee for services rendered will be paid out of the Tax Refund proceeds. Much of BancorpSouth's argument focuses on the "FEES DUE" section of the contract between Intervenor Murphy and Defendants. Said section reads as follows:[2]

> For the preceding services, it is agreed that the Client will pay Murphy a fee of thirty five percent (35%) of the tax savings for each of the 2007 thru 2009 assessment years; no fee will be due for tax savings, if any, in the 2010 assessment year. Tax savings is defined as the difference between the

---

[2]Pursuant to Rule 10(c), a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

> proposed assessed value and the final assessed value for each year, multiplied by the final tax rate (mill rate) applicable for each assessment year, in which the reduction was secured. Tax savings will include a decrease in the market valuation of the property, as well as a change in the classification thereof for real estate tax purposes.

Pltf. Exh. B, at 2.

While BancorpSouth focuses on the "FEES DUE" section, Intervenor Murphy directs the Court's attention to the "REFUNDS / ABATEMENTS OF PRIOR YEAR TAXES" section of The Contract, which reads as follows:

> The terms of this agreement are in effect for any reduction of prior year's taxes. Murphy is authorized to pursue required administrative appeal remedies to correct prior year tax situations. Client agrees to pay Murphy the same contingency fee percentage set forth above in "Fees Due" of any tax refunds, abatements, or credits arising from this process, to include any interest or penalties added to the principal amounts.

Pltf. Exh. B, at 2.

For the purposes of the Motion to Dismiss now before the Court, the language above–specifically, the "Client agrees to pay Murphy the same contingency fee percentage set forth above in 'Fees Due' of any *tax refunds...*" (emphasis added)–clearly establishes an equitable lien in favor of Intervenor Murphy. The Contract expressly provides for payment to Murphy of its contingency fee percentage set forth in the fees clause from any tax refunds arising from the proceeds. Such a designation represents an express agreement that some

6

specific property–here, the tax refund proceeds–shall be appropriated as security for their obligation. *See Jorritsma v. Tymac Controls Corp.*, 864 F.2d at 599 (C.A.8 (Mo.), 1988). Taking Intervenor Murphy's alleged facts as true, the Court finds that Intervenor Murphy has sufficiently provided grounds for entitlement to relief regarding whether they have an equitable lien.

Plaintiff BancorpSouth further argues that even if Murphy had an equitable lien, such a lien would be subordinate to Plaintiff's secured interest, as they have priority over Intervenor Murphy. The Court finds that the issue of priority is not ripe for the purposes of the Motion to Dismiss. As a matter of equity, and because Intervenor Murphy's Complaint properly sufficiently states a claim for relief, the Court will allow Murphy to proceed with this matter.

## **Conclusion**

Intervenor Murphy's Complaint complies in all respects with *Twombly* and *Iqbal*. It sufficiently alleges claims against Defendants under the standards of Rule 8 of the Federal Rules of Civil Procedure. As such, Defendants' Motion to Dismiss for Failure to State a Cause of Action must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff BancorpSouth Bank's Motion to Dismiss the Complaint of Intervenor Murphy Property Tax Consulting, Inc [Doc. 61] is **DENIED.**

Dated this 18th day of July, 2011.

      HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE