UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BANCORPSOUTH BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV590 HEA |
| | ) | |
| HAZELWOOD LOGISTICS | ) | |
| CENTER, LLC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 44]. Plaintiff opposes the Motion [Doc. 51], and Defendants have replied to Plaintiff's opposition [Doc. 52]. Defendants have previously filed a similar motion, Motion to Dismiss for Lack of Jurisdiction - Improper Venue [Doc. 14], which the Court denied [Doc. 29]. For the reasons set forth below, this Motion is also denied.

## Background[1]

Plaintiff brought this action against Defendants alleging breach of contract as to Defendant Hazelwood Logistics Center, LLC, (HLC) f/k/a Hazelwood Commerce Center, LLC, and Hazelwood Commerce Redevelopment Corporation,

---

[1] This recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of this motion only. It in no way relieve the parties of the necessary proof thereof in later proceedings.

(HCRC), and breaches of guaranty as to the McKee Trust, of which Defendant Paul J. McKee, Jr. is the Trustee, and Paul J. McKee, Jr. individually.

Plaintiff alleges that it is the successor by merger to The Signature Bank. Signature Bank entered into a Development Loan Agreement. Signature Bank agreed to loan HLC and HCRC funds for the purposes of a real estate development. The Complaint alleges that the loan is in default, and that Defendants McKee, Jr. and the McKee Trust unconditionally guaranteed repayment of all amounts due and owing from HLC and HCRC.

Defendants move to dismiss for lack of subject matter jurisdiction [Doc. 44]. Plaintiff opposes the Motion arguing that the Motion lacks support in the law and fails further to even consider the terms of the Participation Agreement.

**Legal Standard**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim may be dismissed for lack of jurisdiction over the subject matter. A complaint may be either challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590 593 (8th Cir. 1993). "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod,* 991 F.2d 468, 470 (8th Cir.1993).

Pursuant to Rule 17(a)(1)(F), an action must be prosecuted in the name of the real party in interest, including a party with whom, or in whose name, a contract has been made for another's benefit. Similarly, Missouri Supreme Court Rule 52.01 states that "[e]very civil action shall be prosecuted in the name of the real party in interest, but . . . a party with whom or in whose name a contract has been made for the benefit of another . . . may sue in their own names in such representative capacity without joining the party for whose benefit the action is brought." In Missouri and many other states, it is clear that substantive law provides that the holder of a contract, meaning the named party to that contract, retains the substantive legal rights accruing under the contract unless and until a valid assignment of the contract has occurred. *See J.E. Dunn and Assoc., Inc. v. Total Frame Contractors, Inc.,* 787 S.W.2d 892, 896 (Mo. App. 1990).

For the purposes of the Motion to Dismiss for Lack of Subject Matter Jurisdiction now before the Court, the parties of the contract at issue are Plaintiff BancorpSouth, a Mississippi corporation, and Defendants HLC, HCRC, Paul McKee, Jr. (individually and as Trustee), a Missouri limited liability company. Pursuant to the contracts formed by the parties, Defendants and BancorpSouth are the only real parties of interest here. The Participation Agreement makes clear that there has been no assignment of the contracts or claims at issue. Furthermore, the

Participation Agreement states that BancorpSouth alone is considered to be the "sole owner and holder of the Loan" in any and all dealings with the borrower or any other non-Participant third party. The Land Agreement, Loan Agreement, and Guaranty, which the parties agreed upon, all confirm that BancorpSouth is the sole and exclusive holder of title to the claims asserted in this action. BancorpSouth clearly holds bare legal title to the claims. There has been no assignment of title to the claims or contracts at issue, and all such agreements are between and among only BancorpSouth and Defendants. As such, the sole owner and holder of the loan, BancorpSouth, a Mississippi banking corporation, is diverse to Defendants, a Missouri limited liability company. Thus, the Court clearly has subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. 44] is **DENIED.**

Dated this 15th day of August, 2011.

                                                   HENRY EDWARD AUTREY
                                                   UNITED STATES DISTRICT JUDGE