UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:10CV590-HEA |
| | ) |
| HAZELWOOD LOGISTICS | ) |
| CENTER, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff BancorpSouth Bank's ("Bancorp") Motion for Summary Judgment against Defendants Hazelwood Logistics Center LLC f/k/a Hazelwood Commerce Center LLC ("HLC"), Hazelwood Commerce Redevelopment Corporation ("HCRC"), and Paul J. McKee Jr. ("McKee"), individually and as Trustee of the Paul J. McKee Jr. Revocable Trust ("McKee Trust") ("Defendants" collectively) [Doc# 78]. Defendants filed a memorandum in opposition to Bancorp's motion [Doc# 90], to which Bancorp replied [Doc# 92].  Plaintiff Bancorp also filed a Motion to Sever the Intervenor Murphy Property Tax Consulting, Inc.  ("MPT") [Doc#84].  MPT filed a memorandum in opposition to the motion [Doc# 85], to which Bancorp replied [Doc# 87].  Additionally, Bancorp filed a Motion for Summary Judgment

against Intervenor MPT [Doc# 97] , and MPT filed a Motion for Summary Judgment against Bancorp [Doc# 103].

**Factual Background[1]**

On October 7, 2005, HCC and HCRC ("Hazelwood" collectively) entered, as borrowers, into a Land Acquisition Loan Agreement with The Signature Bank ("Signature Bank") as the lender. Additionally, on August 11, 2006, Hazelwood entered into a Development Loan Agreement with Signature Bank as the lender. From March 20, 2007 through September 17, 2009, the Development Loan Agreement was amended seven times. Pursuant to the Land Acquisition Loan Agreement and the Development Loan Agreement ("Loan Agreement" collectively), Signature Bank made a loan available to Hazelwood in the maximum principal amount of $36,242,700 ("Loan"). The Loan is evidenced by the Note dated August 11, 2006 and that certain Amended & Restated Note dated as of January 28, 2009, as amended September 17, 2009, executed by Hazelwood, as maker, to the order of Bancorp (as successor by merger to Signature Bank), as payee, in the principal face amount of $35,197,500.00, as amended by that First Amendment to Promissory Note executed on or about September 17, 2009

---

[1] The Court's recitation of the facts is drawn form the parties' statements of material facts filed in conjunction with Bancorp and MPT's motions for summary judgment listed above.

(collectively, as amended, modified, extended, renewed, restated or supplanted, the "Promissory Note"). Bancorp, a Mississippi banking corporation, is a successor by merger to Signature Bank in relation to the Loan Agreement, the Loan, and the Promissory Note. According to Bancorp, on October 30, 2009, the Loan matured and all principal and interest outstanding became due and owing.[2]

HCRC was originally formed for the purpose of acquiring, environmental remediation and redevelopment of certain real property located in the City of Hazelwood, Missouri now known as Hazelwood Logistics Center (the "Property"). A portion of the Property had previously served as a landfill. Prior to the redevelopment of the Property, it was discovered that excessive, unsafe levels of methane were present, which was deemed a health concern and rendered the Property uninhabitable, thus preventing construction and sale of the land.

MPT contracted with HLC to perform work to obtain tax surveys for property owned by HLC for the 2007 through 2010 tax years. In light of the fact that St. Louis County, or an agency thereof, was poised to issue a real estate tax refund to Hazelwood for approximately $468,863.00 (the "Tax Refund"), Bancorp sought a Writ of Attachment on April 30, 2010 (the "Writ"), seizing the Tax

---

[2] Defendants deny this factual allegation; however, they offer no rebuttal to this statement in its response to Plaintiff's statement of facts. *See* Doc# 90.

Refund in order to secure recovery on its claim.  The Court granted said Writ.  On January 3, 2011, MPT filed its Complaint of Intervenor in the underlying case claiming entitlement to a portion of the Tax Refund.  MPT asserts that it is entitled to fees for its services in the amount equal to thirty-five percent (35%) of the tax savings realized for 2007 through 2010.

## Summary Judgment Standard

The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set

forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach.*

5

*Corp.,* 62 F.3d 237, 241 (8th Cir.1995).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005).  Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).  "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).  "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

### *Bancorp's Motion for Summary Judgment Against Defendants*

Bancorp filed a Motion for Summary Judgment[Doc# 78] against Defendants HLC, HCRC, and Paul J. McKee Jr. (individually and as trustee of

McKee Jr. Revocable Trust). Bancorp's Complaint alleges breach of contract against Hazelwood (Count I); breach of guaranty against McKee Jr. (Count II); and breach of guaranty against the McKee Trust (Count III). In Missouri, a breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the Plaintiff. *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. 2010); *see also Howe v. ALD Servs., Inc.,* 941S.W.2d 645, 650 (Mo.App.1997). Defendants do not dispute that the loan has not been paid in full, nor do they deny the validity of the loan agreement, promissory note or guaranties. Defendants do, however, submit two affirmative defenses: (1) Defendants' non-performance under the Promissory Note and Guaranty is excused by the unforeseen and unanticipated presence of methane gas on the property thereby rendering performance commercially impossible or impractical (i.e. commercial frustration); and (2) this Court does not have subject jurisdiction due to lack of diversity between all the real parties in interest and the Defendants.

The commercial frustration doctrine excuses performance of contractual obligations when a happening, not foreseen by the contractors, destroys, or nearly destroys, the contracted performance's value of the contract's purpose, provided

the contractors did not cause the happening and were unable to avoid its consequence. *American Laminates, Inc. v. J.S. Latta Co.,* 980 S.W.2d 12, 19 (Mo.App. W.D., 1998). Under Missouri law, to preserve the certainty of contracts, courts are to apply this doctrine sparingly–only when its application would not work an extreme hardship. *Howard v. Nicholson,* 556 S.W. 2d 477, 483 (Mo.App. 1977). As a general matter, if a party to a contract wants its performance to be excused upon the happening of an event arising after the formation of a contract, which event reasonably could be foreseen at the time of contracting, that party must expressly provide for that contingency in the contract, even if that event would render performance impossible, impractical, or commercially-frustrated. See *Clean Uniform Co. St. Louis v. Magic Touch Cleaning, Inc*. 300 S.W.3d 602, 608 (Mo.App. E.D.,2009); *Minor v. Rush*, 216 S.W.3d 210, 213–14 3d (Mo.App.2007); *Adbar*, 103 S.W.3d at 801–02; *Missouri Dept. of Transp. ex rel. v. Safeco*, 97 S.W.3d 21, 35 (Mo.App.2002); *Werner*, 10 S.W.3d at 577–78. See also 30 Richard A. Lord, Williston on Contracts §§ 77:11, 77:54, 77:95 (4th ed.2004); 17A Am.Jur.2d Contracts §§ 653, 659 (2004).

Defendants' commercial frustration affirmative defense is based on the fact that the HCRC Property was found to contain a presence of methane gas so high that the Property is uninhabitable in its current condition. HCRC was formed for

8

the specific purpose of acquiring, remediating and redeveloping the Property. As stated above, prior to HCRC's acquisition of the Property, it served as a landfill. Specifically at issue here is the foreseeability of the presence of methane gas. An event that reasonably could have been anticipated at the time of contracting does not excuse the obligor's performance under these doctrines because if the event reasonably could be foreseen and the contract does not provide for performance to be excused if the event occurs, the Court presumes that the parties intended the obligor to assume this risk. *Adbar*, 103 S.W.3d at 801; *Werner*, 10 S.W.3d at 577. See also 17A Am.Jur.2d Contracts, supra, §§ 653, 659; Lord, supra, §§ 77:54, 77:95; Restatement (Second) of Contracts § 261 cmt. e (1981). Because HCRC acquired the Property for, *inter alia,* environmental remediation purposes, and it was known that the Property had previously served as a landfill, the presence of methane gas is not the type of unforeseeable event which warrants a commercial frustration ruling. As such, Defendant's commercial frustration affirmative defense fails.

With regard to Defendant's lack of subject matter jurisdiction affirmative defense, the Court has already addressed this issue in response to Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc# 41]. In the Court's order denying Defendants' motion [Doc# 88], the following was plainly stated:

9

> "[T]he Participation Agreement states that BancorpSouth alone is considered to be the "sole owner and holder of the Loan" in any and all dealings with the borrower or any other non-Participant third party. The Land Agreement, Loan Agreement, and Guaranty, which the parties agreed upon, all confirm that BancorpSouth is the sole and exclusive holder of title to the claims asserted in this action. BancorpSouth clearly holds bare legal title to the claims. There has been no assignment of title to the claims or contracts at issue, and all such agreements are between and among only BancorpSouth and Defendants. As such, the sole owner and holder of the loan, BancorpSouth, a Mississippi banking corporation, is diverse to Defendants, a Missouri limited liability company. Thus, the Court clearly has subject matter jurisdiction."

As such, the Court will not discuss this issue any further, and Defendants' affirmative defense regarding subject matter fails.

Defendants failed to submit any evidence which would support a genuine issue of material fact for trial. They do not contest that valid contracts were formed based on the Loan Agreement, the Note, and that Guarantors (McKee, individually, and as Trustee) executed a Guaranty whereby they guaranteed the full and complete payment and performance owing by Hazelwood to Bancorp. Therefore, a valid contract and guaranties were formed, Bancorp performed by tendering the contracted loan amount, Defendants breached the agreements by non-payment, and Bancorp has suffered damages. *See Keveney*, 304 S.W.3d at 104 (Mo. 2010); *see also Howe,* 941S.W.2d at 650 (Mo.App.1997). As such, Bancorp is entitled to summary judgment for breach of contract against

Hazelwood (Count I); breach of guaranty against McKee Jr. (Count II); and breach of guaranty against the McKee Trust (Count III).

***Bancorp and MPT's Competing Motions for Summary Judgement***

Bancorp has filed a summary judgment motion against Intervenor MPT [doc# 97].  MPT opposes the motion and has filed for summary judgment against Bancorp [Doc# 103].  In its motion, MPT argues that it has an equitable lien in its fee for the tax refunds it acquired for HLC, and that the equitable lien is superior to any secured interest of Bancorp.  Bancorp denies the existence of an equitable lien and contends that even if an equitable lien did exist, such a lien would be subordinate to Bancorp's perfected security interest.

An equitable lien is a remedial method that provides for the enforcement of an obligation.  35 MOPRAC § 23:10.  The equitable lien can attach to certain property for the purpose of securing the payment of an existing obligation.  *Id.*  In order to find an equitable lien, there must be express agreement, or conduct or dealings of the parties from which intention may be implied, that some specific property shall be appropriated as security for debt or obligation before equity will consider that lien should be declared property.  *Jorritsma v. Tymac Controls Corp.*, 864 F.2d 597, 599 (C.A.8 (Mo.), 1988).

11

MPT has an equitable lien; however, Bancorp has a perfected security interest, thus deeming it a senior secured lender.  As evidenced in its filings before the Court, Bancorp protected its interest through a UCC-1 filing, which secured its first lien position.  *See* Doc#62, Exhibit A.  MPT argues that this filing does not include any tax refund monies, however, such a statement is, at the very least, a misstatement, if not just patently false.  Bancorp's UCC-1 Financing Statement specifically states the following:

> ". . . Mortgager [Defendants] does by these presents GRANT, BARGAIN AND SELL, CONVEY AND CONFIRM unto Trustee all of the following rights, interests, claims and property (collectively, "Premises") . . . (j) **all Tax and Insurance Deposits** . . ."

Doc# 62, Exh. A at 4. (emphasis added)

This statement was filed on August 15, 2006.  MPT was considered on notice of such before they contracted with HLC to acquire the tax refunds from the 2007 through 2010 tax years.

MPT relies on *In re Reda, Inc.,* 54 B.R. 871 (Bankr. N.D.Ill. 1985), in which the United States Bankruptcy Court–Northern District of Illinois held that an insurance adjustor's contingent fee agreement was enforceable against a secured creditor.  The Court notes that others who have perused the *Reda* case have kindly characterized *Reda* as "an anomaly that should be limited to its unique

12

factual circumstances." *In re Ducane Gas Grills, Inc.*, 320 B.R. 341, 352 (Bankr.D.S.C., 2004); citing *West Virginia Hosp.Ins.Corp. v. Broaddus Hosp. Assoc.(In re Broaddus Hosp.Assoc.)*, 159 B.R. 763, 772 (Bankr.N.D.W.Va.1993). Furthermore, This Court agrees and notes the facts in *Reda* were dissimilar to those presented here.  The injured party to the contract in *Reda*–the insurance adjuster–provided services which resulted in a quantifiable benefit to the Debtor's estate.  The adjuster was hired pre-bankruptcy petition, and provided the services post-bankruptcy petition.  In contrast with *Reda,* MPT was considered on notice of Bancorp's secured interest at the time they were hired by HLC.  The decision in *Reda* is not controlling in this case, and MPT's argument regarding "superpriority" over Bancorp's secured interests fails.  As such, MPT's motion for summary judgment fails, and the Court deems summary judgment in favor of Bancorp proper.

## Conclusion

The undisputed facts establish that both of Defendants' affirmative defenses, regarding commercial frustration and lack of subject matter jurisdiction, fail as a matter of law.  As such, Bancorp has established each element to its claim, there is no dispute as to any genuine issue of material fact, and Bancorp is entitled to judgment as a matter of law against Defendants.  Furthermore, Bancorp has

established that there is no dispute as to any genuine issue of material fact regarding judgment as a matter of law against MPT.  The Court finds that summary judgment is proper in favor of Bancorp against Intervenor MPT, and MPT's summary judgment is thusly denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff BancorpSouth Bank's Motion for Summary Judgment against Defendants Hazelwood Logistics Center LLC f/k/a Hazelwood Commerce Center LLC, Hazelwood Commerce Redevelopment Corporation, and Paul J. McKee Jr., individually and as Trustee of the Paul J. McKee Jr. Revocable Trust [Doc# 78] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff BancorpSouth Bank's Motion for Summary Judgment against Intervenor Murphy Property Tax Consulting, Inc. [Doc# 97] is **GRANTED.**

**IT IS FURTHER ORDERED** that Intervenor Murphy Property Tax Consulting, Inc.'s Motion for Summary Judgment against BancorpSouth Bank [Doc# 103] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff BancorpSouth Bank's Motion to Sever the Intervenor Murphy Property Tax Consulting, Inc. [Doc#84] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Consolidate Cases [Doc# 106] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff BancorpSouth Bank's Motion for Leave to Have Matter Reset for a Non-Jury Trial [Doc# 107] is **DENIED** as moot.

Dated this <u>23rd</u> day of November, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE